Labor and Public Welfare recognized the existence of a no-man's-land and proposed an amendment which would have empowered state courts and agencies to act upon the National Board's declination of jurisdiction. The National Labor Relations Board can greatly reduce the area of the no-man's-land by reasserting its jurisdiction and, where States have brought their labor laws into conformity with federal policy, by ceding jurisdiction under § 10 (a)."

We have no alternative, therefore, except to follow the Court's decision and hold that although the trial court in this case was correct in refusing to issue an injunction under our state law, still it had no jurisdiction to act at all.

Judgment reversed.

pealed from the Pike Circuit Court, a converse decision was reached. The issues, however, are the same and for the reasons stated in that opinion, the judgment is reversed.

**Ann TINSLEY, Appellant,**

v.

**Virginia BOGGS et al., Appellees.**

Court of Appeals of Kentucky.

June 12, 1959.

**Edward CHRISTIAN et al., Appellant,**

v.

**R. H. HOBBS COMPANY, a Corporation, Appellee.**

Court of Appeals of Kentucky.

June 19, 1959.

Sanders & Redwine, Pikeville, for appellant.

E. N. Venters, Pikeville, Robert T. Caldwell, Ashland, for appellee.

MOREMEN, Judge.

This is a companion case to R. H. Hobbs Company v. Christian, 325 S.W.2d 329, which was appealed from the Floyd Circuit Court. In this case, which was ap-